UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE 06-61631



MAGISTRATE JUDGE
SNOW

CIV-ZLOCH

DWIGHT FULTON

    Plaintiff,

v.

THOMAS GLUNT and
BEATRICE GLUNT,

    Defendants,
_____/

### COMPLAINT FOR RELIEF FROM ARBITRATION AWARD

Plaintiff Dwight Fulton, by and through undersigned counsel, hereby sues Thomas Glunt and Beatrice Glunt for relief from an arbitration award and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Dwight Fulton ("Fulton") is a citizen and resident of the Southern District of Florida. During the time of the events at issue in this case and the underlying arbitration, Fulton was employed in the Southern District of Florida.

2.    Upon information and belief, Defendants Thomas Glunt and Beatrice Glunt are residents of Franklin County, Ohio.

3.    This court has personal and subject matter jurisdiction over the parties and this matter. The Plaintiff is a citizen and resident of the Southern District of Florida, while the Defendants are citizens and residents of Ohio. As the amount in controversy in

this matter exceeds seventy-five thousand dollars ($75,000.00), there is diversity jurisdiction. Additionally, this suit is brought under the Federal Arbitration Act, supplying yet another basis for subject matter jurisdiction. This Court has personal jurisdiction over the Defendants as all of the underlying events giving rise to the arbitration claim occurred in the Southern District of Florida through Fulton's employer at the time located in the Southern District of Florida.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens in this district, the Defendants are citizens of Ohio and the acts and damages which form the basis of this action occurred, in whole or in part, in this district.

## GENERAL ALLEGATIONS

5. By way of background, Plaintiff Fulton was employed in the securities industry by Salomon Grey Financial Corporation ("Salomon Grey"). Salomon Grey was a member of the National Association of Securities Dealers (the "NASD").

6. Defendants were customers of Salomon Grey during at least part of the period in time when Plaintiff Fulton was an employee of Salomon Grey.

7. On or about during or about September 26, 2005, Defendants filed a NASD arbitration claim against Salomon Grey alleging that Defendants had lost money due to various misdeeds purported committed by Salomon Grey.

8. As is typical in such arbitration claims, although the arbitration was primarily focused on Salomon Grey's activities as an organization, an employee of

Salomon Grey was also named as a respondent to the arbitration. In this particular arbitration, such employee was Plaintiff Fulton.

9. As is typical in such arbitration claims, the employer took the lead role in defending the arbitration claim. However, Salomon Grey eventually went out of business.

10. Salomon Grey's demise caused confusion for the arbitration panel (the "Panel"). Subsequently, on June 8, 2006, the Panel issued a discovery order. Unfortunately, no notice was received by Plaintiff Fulton individually. Not surprisingly, Salomon Grey, which was no longer in business, and Plaintiff Fulton, who had not received notice of the Panel's order, failed to respond.

11. Despite being aware of Salomon Grey's demise and the related confusion, the counsel for the Glunts then filed a Motion for Default Judgment based on Salomon Grey and Fulton's purported failure to comply with the Panel's discovery order. On August 14, 2006, the Panel granted the Glunts' Motion for Default Judgment, and on August 21, 2006, the NASD entered the award (the "Award") attached hereto as Exhibit "A."

12. The Award was entered without notice to Plaintiff Fulton. Plaintiff Fulton has been deprived of his right to present his case to the Panel or to a court of law.

13. Although the arbitration process is designed to be a streamlined method of reaching a decision, in this case, the Panel's failure to comply with the basic tenets of due process and fairness have resulted in a substantial injustice to Plaintiff Fulton.

14. In entering the Award, the Panel has acted in error, in manifest disregard of the law and in violation of Plaintiff Fulton's due process rights.

15. Further compounding the problem is the fact that although the Award was entered jointly and severally against Salomon Grey and Plaintiff Fulton, Salomon Grey's demise has resulted in a situation whereby the entire amount awarded by the Panel in excess of $341,000 dollars will be the responsibility of Plaintiff Fulton, and Plaintiff Fulton is not financially-equipped to pay such an amount.

**WHEREFORE,** Plaintiff Dwight Fulton prays that this Honorable Court vacate the arbitration award entered against Dwight Fulton and grant such further relief as this Honorable Court deems just and proper.

Dated this 27th day of October, 2006.

Respectfully submitted,

By: _____
Justin M. Pearson
Florida Bar No. 0597791
Pearson & Associates, LLC
5531 N. University Drive
Suite 101
Coral Springs, FL 33067
Phone: (954) 752-7334
Fax: (954) 752-7339

## Award
### NASD Dispute Resolution

In the Matter of the Arbitration Between:

Thomas A. Glunt and Beatrice Glunt (Claimants) vs. Salomon Grey Financial Corporation and Dwight O'Neal Fulton, Jr. (Respondents)

Case Number: 05-05097            Hearing Site: Columbus, Ohio

Nature of the Dispute: Customers vs. Member and Associated Person

## REPRESENTATION OF PARTIES

Claimants Thomas A. Glunt ("T. Glunt") and Beatrice Glunt ("B. Glunt") hereinafter collectively referred to as "Claimants": Timothy Van Eman, Esq., Lamkin, Van Eman, Trimble, Beals & Dougherty, LLC, Columbus, OH.

Respondents Salomon Grey Financial Corporation ("Salomon Grey") and Dwight O'Neal Fulton, Jr. ("Fulton") appeared pro-se. Previously represented by Gary P. Barket, Esq., Gary P. Barket, P.A., Little Rock, AK.

## CASE INFORMATION

Statement of Claim filed on or about: September 26, 2005.
T. Glunt signed the Uniform Submission Agreement: September 26, 2005.
B. Glunt signed the Uniform Submission Agreement: September 26, 2005.

Joint Statement of Answer filed by Respondents on or about: November 22, 2005.
Salomon Grey signed the Uniform Submission Agreement: November 21, 2005.
Fulton signed the Uniform Submission Agreement: November 28, 2005.

## CASE SUMMARY

Claimants asserted the following causes of action: breach of fiduciary duty, negligence, breach of contract, violation of State securities laws, fraud, failure to supervise, and control person liability. The causes of action relate to various equities.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Exhibit A

## RELIEF REQUESTED

Claimants requested compensatory damages in an amount in excess of $341,764.80, punitive damages, costs, expert fees, attorneys' fees, forum fees, and such other and further relief as the Panel deems just, proper, and equitable.

Respondents requested dismissal of the Statement of Claim in its entirety and fees.

## OTHER ISSUES CONSIDERED AND DECIDED

On June 8, 2006 NASD Dispute Resolution sent to the parties the Chairperson's June 8, 2006 Discovery Order. On or about July 6, 2006 Claimants submitted a Motion for Default Judgment based on Respondents' failure to comply with the Chairperson's June 8, 2006 Discovery Order. Upon review of all submissions and due deliberation, by Order dated August 14, 2006 the Panel granted Claimants' Motion for Default Judgment to the extent indicated in the Award section below.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings and motions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondents Salomon Grey and Fulton are jointly and severally liable for and shall pay to Claimants compensatory damages in the amount of $258,186.66.

2. Respondents Salomon Grey and Fulton are jointly and severally liable for and shall pay to Claimants $300.00 to reimburse Claimants for the non-refundable filing fee previously paid to NASD Dispute Resolution.

3. Any and all relief not specifically addressed herein, including punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

    Initial claim filing fee                                                 = $ 300.00

NASD Dispute Resolution
Arbitration No. 05-05097
Award   Page 3 of 5

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, Salomon Grey Financial Corporation is a party.

| | |
|---|---|
| Member surcharge | = $ 1,700.00 |
| Pre-hearing Process fee | = $ 750.00 |
| Hearing Process fee | = $ 2,750.00 |

### Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrator, including a pre-hearing conference with the arbitrator, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | |
|---|---|
| One (1) Decision on discovery-related motions on the papers with (1) one arbitrator @ $200.00<br>Claimants submitted one discovery-related motion | = $ 200.00 |
| One (1) Pre-hearing session with single arbitrator @ $450.00<br>Pre-hearing conference:   June 8, 2006      1 session | = $ 450.00 |
| One (1) Pre-hearing session with Panel @ $1,125.00<br>Pre-hearing conference:   March 20, 2006     1 session | = $1,125.00 |
| **Total Forum Fees** | = $1,775.00 |

1. The Panel has assessed $ 1,775.00 of the forum fees against Respondent Fulton.

### Fee Summary

1. Claimants are jointly and severally liable for:

| | |
|---|---|
| Initial Filing Fee | = $ 300.00 |
| Total Fees | = $ 300.00 |
| Less payments | = $ 1,575.00 |
| Refund Due Claimants | = $ 1,275.00 |

2. Salomon Grey is solely liable for:

| | |
|---|---|
| Member Fees | = $ 5,200.00 |
| Total Fees | = $ 5,200.00 |
| Less payments | = $ 2,450.00 |
| Balance Due NASD Dispute Resolution | = $ 2,750.00 |

3. Fulton is solely liable for:

NASD Dispute Resolution
Arbitration No. 05-05097
Award  Page 3 of 5

## Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, Salomon Grey Financial Corporation is a party.

| | |
|---|---|
| Member surcharge | = $ 1,700.00 |
| Pre-hearing Process fee | = $   750.00 |
| Hearing Process fee | = $ 2,750.00 |

## Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrator, including a pre-hearing conference with the arbitrator, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | |
|---|---|
| One (1) Decision on discovery-related motions on the papers with (1) one arbitrator @ $200.00 | = $   200.00 |
| Claimants submitted one discovery-related motion | |
| One (1) Pre-hearing session with single arbitrator @ $450.00 | = $   450.00 |
| Pre-hearing conference:  June 8, 2006     1 session | |
| One (1) Pre-hearing session with Panel @ $1,125.00 | = $1,125.00 |
| Pre-hearing conference:  March 20, 2006     1 session | |
| **Total Forum Fees** | = $1,775.00 |

1. The Panel has assessed $ 1,775.00 of the forum fees against Respondent Fulton.

### Fee Summary

1. Claimants are jointly and severally liable for:

| | |
|---|---|
| Initial Filing Fee | = $    300.00 |
| Total Fees | = $    300.00 |
| Less payments | = $  1,575.00 |
| Refund Due Claimants | = $  1,275.00 |

2. Salomon Grey is solely liable for:

| | |
|---|---|
| Member Fees | = $  5,200.00 |
| Total Fees | = $  5,200.00 |
| Less payments | = $  2,450.00 |
| Balance Due NASD Dispute Resolution | = $  2,750.00 |

3. Fulton is solely liable for:

NASD Dispute Resolution
Arbitration No. 05-05097
Award   Page 4 of 5

| | | |
|---|---|---|
| Forum Fees | = $ | 1,775.00 |
| Total Fees | = $ | 1,775.00 |
| Less payments | = $ | 0.00 |
| Balance Due NASD Dispute Resolution | = $ | 1,775.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

Case 0:06-cv-61631-WJZ   Document 1   Entered on FLSD Docket 10/31/2006   Page 9 of 12

NASD Dispute Resolution
Arbitration No. 05-05097
Award   Page 4 of 5

NASD Dispute Resolution
Arbitration No. 05-06097
Award  Page 8 of 9

## ARBITRATION PANEL

Thomas R. Skulina, Esq.  -  Public Arbitrator, Presiding Chairperson
Thomas A. Donovan        -  Public Arbitrator
Ross Tulman              -  Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

_[signature]_                          August 16, 2006
Thomas R. Skulina, Esq.                Signature Date
Public Arbitrator, Presiding Chairperson


Thomas A. Donovan                      Signature Date
Public Arbitrator


Ross Tulman                            Signature Date
Non-Public Arbitrator


August 21, 2006

Date of Service (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 05-05097
Award   Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| Thomas R. Skulina, Esq. | - | Public Arbitrator, Presiding Chairperson |
| Thomas A. Donovan | - | Public Arbitrator |
| Ross Tulman | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures

_____          _____
Thomas R. Skulina, Esq.                                       Signature Date
Public Arbitrator, Presiding Chairperson

_____          _____
Thomas A. Donovan                                             Signature Date
Public Arbitrator

_____          _____5/17/06_____
Ross Tulman                                                   Signature Date
Non-Public Arbitrator

_____August 21, 2006_____
Date of Service (For NASD Dispute Resolution use only)

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**06-61631**

## I. (a) PLAINTIFFS
DWIGHT ONEAL FULTON

**DEFENDANTS**
THOMAS A. GLUNT and BEATRICE GLUNT

(b) County of Residence of First Listed Plaintiff   BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   LORAIN, OHIO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Pearson & Associates, LLC
5531 No. University Drive, Suite 101
Coral Springs, Florida 33067
Phone: (954) 752-7

**CIV-ZLOCH MAGISTRATE JUDGE SNOW**

Attorneys (If Known)
Tim Van Eman, Esquire
Phone: (614) 224-8187

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:06 CV 61631-WJZ-LSS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE                                                DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Title 9, US code, Sections 1-14

LENGTH OF TRIAL via  3  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  10/27/06

FOR OFFICE USE ONLY
AMOUNT  350    RECEIPT #  538567    IFP